## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMAL MITCHELL** | ) | |
| **Reg. #45228-083** | ) | |
| **Federal Correctional Institution** | ) | **Misc. Case No. 1:07-mc-00434 (RWR)** |
| **P. O. Box 4000** | ) | |
| **Manchester, Kentucky 40962,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER
## TO THE EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA DIVISION)

***COMES NOW,*** Respondent United States of America, by and through its attorney, the

United States Attorney for the District of Columbia, respectfully to move to dismiss this matter

in its entirety or, in the alternative, to transfer it to the United States District Court for the Eastern

District of Virginia (Alexandria), pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of

Civil Procedure. This matter, which asks for the return of property previously forfeited in a

criminal proceeding in another jurisdiction, should be dismissed based on the doctrines of *res

judicata* and collateral estoppel. In support thereof, the United States respectfully submits the

attached memorandum of law, points, and authorities and proposed Order.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/ _____

WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0258 (with voice-mail)
(202) 514-8707 (telefax)
William.Cowden@USDoJ.Gov
Counsel for United States

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the foregoing Motion To Dismiss Or To Transfer, supporting Memorandum and proposed Order to be made by having a copies posted in the U.S. Mail in an envelope stamped with postage sufficient for first-class handling and addressed to Mr. Jamal Mitchell, *pro se*, Reg. #45228-083, Federal Correctional Institution Manchester, P.O. Box 4000, Manchester, Kentucky 40962, on or before the 7th day of February 2008.

/s/ _____

William R. Cowden
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMAL MITCHELL** | ) | |
| **Reg. #45228-083** | ) | |
| **Federal Correctional Institution** | ) | **Misc. Case No. 1:07-mc-00434 (RWR)** |
| **P. O. Box 4000** | ) | |
| **Manchester, Kentucky 40962,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OF LAW, POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Respondent United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum of law, points, and authorities in support of its motion to dismiss this matter or, in the alternative, to transfer it to United States District Court for the Eastern District of Virginia (Alexandria).  The case, which amounts to an improper collateral attack on petitioner Mitchell's criminal sentence, should be dismissed for failure to state a claim because petitioner is precluded from litigating this matter based on the doctrines of *res judicata* and collateral estoppel.  Alternatively, it should be dismissed for improper venue.

### I.    STATEMENT OF THE CASE

On or about October 26, 2001, a judge in the United States District Court for the District of Columbia issued search and seizure warrants to law enforcement agents for safe deposit boxes in connection with an investigation into petitioner Jamal Mitchell's illegal drug activities in the D.C. metropolitan area.  Agents executed the warrants for safe deposit boxes located in

Washington, D.C. branches of Suntrust Bank and Bank of America.

The warrants issued on probable cause that the contents of two safe deposit boxes were subject to forfeiture to the United States, under 21 U.S.C. § 853 because the contents were involved in Mitchell's illegal drug and money laundering activities. When they executed the warrants on October 29 and 30, 2001, agents of the Federal Bureau of Investigation seized approximately $732,680.00 in U.S. currency from the Suntrust Bank safe deposit box and approximately $502,100 in U.S. currency from the Bank of America safe deposit box. Both safe deposit boxes were held in the name of Jamal Mitchell.

On January 24, 2002, the United States Attorney's Office for the Eastern District of Virginia filed a two-count indictment against Mitchell in *United States v. Jamal Mitchell*, Criminal no. 02-25-001 (Judge Cacheris), in the United States District Court for the Eastern District of Virginia, Alexandria Division. The indictment charged Mitchell with conspiracy to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base within 1,000 feet of a public school, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). A forfeiture allegation in the indictment alleged that Mitchell's assets, including the property seized from the two D.C. safe deposit boxes in October 2001, constituted forfeitable proceeds of Mitchell's illegal drug activities. On April 5, 2002, the government also filed a supplemental Bill of Particulars that gave Mitchell additional notice of the government's intent to forfeit assets derived from his criminal activities.

On April 17, 2002, a jury sitting in the U.S. District Court for the Eastern District of Virginia found Mitchell guilty on both counts in the indictment (drug and money laundering conspiracies). The Court entered an Order of Forfeiture forfeiting the assets at issue in this

matter to the United States.  A copy of the forfeiture Order is attached to this motion and supporting memorandum.  (See Attachment 1.)

On July 31, 2003, the Court of Appeals for the Fourth Circuit affirmed Mitchell's sentence and conviction, including the Order of Forfeiture.  See United States v. Mitchell, 70 Fed. Appx. 707 (4th Cir. 2003).  See also United States v. Mitchell, 70 Fed. Appx. 548 (4th Cir. 2004) (affirming the district court's denial of Mitchell's post-conviction motion for the return of real property).

On May 6, 2005, in another effort to recover his seized property, Mitchell filed in this Court a motion for return of property previously forfeited as part of his conviction in the Eastern District of Virginia.  In a decision issued on January 16, 2007, the Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, granted the United States' motion to dismiss the 2005 case based upon principles of *res judicata* and collateral estoppel. See 05-cv-916, Docket #12.

Thereafter, on or about October 26, 2007, Mitchell filed this instant matter in this Court-- another *pro se* motion for return of forfeited property.  Mr. Mitchell's *pro se* motion seeks return of the same assets forfeited on April 17, 2002, in an Order of Forfeiture issued by the District Court in the Eastern District of Virginia.

## II.    ARGUMENT

### A.    This Previously Adjudicated Matter Should Be Dismissed.

The Court should dismiss this matter for failure to state a claim  upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(3), and 12(b)(6).  Petitioner's claim is barred by the doctrines of *res judicata* and collateral estoppel.  The U.S. District Court in the Eastern District

of Virginia entered an Order of Forfeiture over five years ago in a criminal case involving the

property that Mr. Mitchell seeks to have returned.  Further, on appeal, the U.S. Court of Appeals

for the Fourth Circuit affirmed the District Court's decision upholding the forfeiture of the seized

property.

Under the related doctrines of res judicata and collateral estoppel, a final judgment on the

merits of an action precludes the parties to that action from relitigating issues and claims that

were or could have been finally decided; in short, once a court has decided an issue of fact or law

necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

different cause of action involving a party to the first action.  Stanton v. District of Columbia

Court of Appeals, 127 F.3d 72, 76-79 (D.C. Cir. 1997); U.S. Indus., Inc. v. Blake Constr. Co.,

765 F.2d 195, 203, 207 (D.C. Cir. 1985); see, e.g., Allen v. McCurry, 449 U.S. 90, 94 (1980);

Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979); American Employers Insurance

Co. v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984).  Application of the

doctrines serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial

resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent

decisions; and provides finality in the resolution of disputes.  Cutler v. Hayes, 549 F. Supp. 1341,

1343 (D.D.C. 1982), aff'd in part, vacated in part, 818 F.2d 879 (D.C. Cir. 1987); see Hardison v.

Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  The res judicata doctrine was designed to

prevent "repetitious litigation involving the same causes of action or the same issues." I.A.M.

National Pension Fund v. Industrial Gear Manufacturing Co., 723 F.2d 944, 946 (D.C. Cir.

1983).  The doctrine bars claims involving the same parties based on the same cause of action

where there has been a judgment on the merits in a prior suit.  Id.  The similar doctrine of

-4-

collateral estoppel prevents parties from re-litigating facts and issues in a second suit that were fully litigated in the first suit. Id. Taken together, these principles thwart re-litigating an identical issue with the same party and promote judicial economy by preventing needless litigation.

In Mitchell's case, the assets he seeks to have returned were the subject of his criminal case (United States v. Mitchell, 02-25, (Judge Cacheris)) in the United States District Court for the Eastern District of Virginia where Mitchell previously, but unsuccessfully, raised his claim that the same assets were improperly forfeited. See United States of America v. Jamal Mitchell a/k/a Boo, 70 Fed. Appx. 707 (4th Cir. 2003), cert. denied, 540 U.S. 1135 (2004). Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94, (1980). Accord Dynaquest Corp. v. U.S. Postal Serv., 242 F.3d 1070, 1075 (D.C. Cir. 2001) cert. denied, 535 U.S. 953 (2001) ("this circuit, . . . has no authority to collaterally review the decisions of a sister circuit."). Spavento v. United States, 891 F. Supp. 173 (S.D.N.Y. 1995) (where movant, who was convicted of illegal narcotics violations and property ordered forfeited, sought post-conviction return of $8,850 forfeited to the United States, the court said movant's action was barred because: "[t]he doctrine of res judicata precludes the filing of repetitious actions seeking the same relief. Under the doctrine, "a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand.").

Mitchell gives no reasons nor cites any statutes conferring jurisdiction in this Court over property previously ordered forfeited by the District Court in the Eastern District of Virginia.

-5-

The seizure of Mr. Mitchell's assets was brought through his criminal case into the jurisdiction of the U.S. District Court for the Eastern District of Virginia and adjudicated there. Mr. Mitchell availed himself of all avenues for regaining the forfeited property in the criminal case through his appeal process. He may not properly maintain that the property at issue in his complaint here should be returned, whether because of lack of notice of the forfeiture, or want of due process.

Quite apart from the fact that this Court does not have jurisdiction to review the decisions of the Fourth Circuit, the Order of Forfeiture Mitchell seeks essentially to have vacated by this Court is part of his criminal case. This Court is not empowered to hear a collateral attack on Mitchell's criminal conviction because that challenge must be brought either where the sentencing court is located or where Mitchell is confined. Razzoli v. Bureau of Prisons, 230 F.3d 371 (D. C. Cir. 2000) (non-habeas civil action under the Privacy Act by a federal prisoner is not cognizable where judgment in his favor would necessarily imply invalidity of his conviction or sentence). Mitchell was convicted and sentenced in Virginia and is currently residing at a federal prison in Kentucky. Neither of those places is the District of Columbia, and this case should not proceed further here.

### B.    Petitioner Lacks Standing and There Is No Waiver of Sovereign Immunity Over a Replevin Action.

Even if there were some question regarding the validity of the final order of forfeiture which this Court could review, Mitchell's claims would still fail because the preliminary order of forfeiture divested Mitchell of his interest in the property. United States v. Pellulo, 178 F.3d 196 (3d Cir. 1999) (defendant lacks standing in the ancillary proceeding that follows because by that time he no longer has any interest in the property); United States v. Bennett, No. 97-CR-639

-6-

(SAS), 2004 WL 829015 (S.D.N.Y. 2004) (defendant is divested of any interest in the property by the preliminary order of forfeiture); see United States v. De Los Santos, 260 F.3d 446 (5th Cir. 2001) (preliminary order of forfeiture is immediately appealable for the criminal defendant); see United States v. McHan, 345 F.3d 262 (4th Cir. 2003). Accordingly, Mitchell lacks standing to bring any claim relating to the property identified in his complaint because he has no present legal interest in the forfeited property. United States v. Mitchell, 70 Fed. Appx. at 715 ("After the jury's verdict establishing guilt, the court identified the property subject to forfeiture and entered a preliminary order of forfeiture reflecting that determination."); see United States v. 1998 BMW "I" Convertible, 235 F.3d 397, 399 (8th Cir. 2000) ("at the outset, a claimant must be able to show a facially colorable interest in the proceedings sufficient to satisfy Article III standing"); United States v. One Lincoln Navigator, 328 F.3d 1011, 1013 (8th Cir. 2003) ("Article III standing is a threshold question in every federal court case").

Mitchell's exclusive remedy was to contest the forfeiture on the merits; he may not bring an action against the United States for the return of his property long thereafter. Cf. Yellen v. Illinois, 2000 WL 1016940 (N.D. Ill. 2000) (claimant cannot file lawsuit against United States to recover property he agreed to forfeit in a settlement agreement; 18 U.S.C. § 981(c) bars replevin of forfeited property and claimant's remedy is to file a motion in the forfeiture case). He has done that and his motions have all been denied. That was the end of the line, and this Court should decline Mitchell's invitation to become embroiled in matters already finally and fairly determined.

C.    **In the Alternative, This Case Should Be Transferred to the Eastern District of Virginia Under 28 U.S.C. § 1404(a).**

If a case exists at all, proper venue for Mr. Mitchell's request for return of criminally forfeited property rests with the District Court in the Eastern District of Virginia. When an action is filed in an improper venue, the Court must either transfer it to a proper venue or dismiss it outright. As provided in 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added). The decision whether to transfer or dismiss a case that has been filed in an improper jurisdiction rests in the sound discretion of the district court. See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988); Naartex Consulting Corp. v. Watt, 722 F.2d 779 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984) (citing Wright, Miller & Cooper, Federal Practice & Procedure § 3827 at 170 (1976)). This case should be dismissed, not merely transferred, because there is not even a colorable claim that proper venue for adjudicating petitioner's request lies here. Indeed, it is apparent that petitioner's claims would be defective now in any court.

Even if the Court finds that petitioner properly could have brought or could maintain this matter in the District of Columbia, the case nevertheless should be transferred to the U.S. District Court for the Eastern District of Virginia in the interest of justice and judicial economy. Pursuant to 28 U.S.C. § 1404(a), a case that is properly filed in a particular jurisdiction may be transferred to another, more convenient, jurisdiction in the following circumstances:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

-8-

have been brought.

28 U.S.C. § 1404(a) (2001).  The decision to transfer a case to another district is discretionary

and involves a "factually analytical, case-by-case determination of convenience and fairness."

SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913

(1979).

      As shown above, Mitchell's motion, if properly grounded, should be brought in the

Eastern District of Virginia, where the criminal case was adjudicated and a forfeiture Order

entered for the property he says he seeks.  Jurisdiction and venue for the criminal forfeiture of

Mitchell's property (involving the same property at issue in the motion that Mr. Mitchell filed

here) was proper in the Eastern District of Virginia because in that district occurred:  (1) the acts

giving rise to the government's charges; and (2) a substantial part of the events or omissions

giving rise to the government's evidence, plus (3) the seizures of other tainted Mitchell assets.

Mitchell cannot properly allege any greater convenience in pursuing his case, assuming one

exists, in the District of Columbia.  See Stewart v. Capitol Area Permanente Medical Group, 720

F. Supp. 3, 5 (D.D.C. 1989) (plaintiff's choice of forum is entitled to less weight when that

forum is outside plaintiff's home jurisdiction).  A jury sitting in a criminal trial in the District

Court for the Eastern District of Virginia convicted Mitchell on two counts of criminal violations

brought in an indictment.  A Judgment and Commitment was entered in that District as well as

an Order of Forfeiture against the assets Mitchell seeks to have returned.  The relief petitioner

seeks ought to be imposed (if at all) by judicial action in the Court in that district.  See Franklin

v. Southern Railway, Co., 523 F. Supp. 521, 523 (D.D.C. 1981) (where action has little contact

with chosen forum, plaintiff's selection is less important); Packer v. Kaiser Foundation Health

-9-

Plan, 728 F. Supp. 8 (D.D.C. 1989).  See also Hotel Constructors, Inc. v. Seagrave Corp., 543 F.

Supp. 1048, 1050 (N.D. Ill. 1982) (citations omitted) ("Although under the common law doctrine

of *forum non conveniens*, plaintiff's choice of forum was an overriding factor entitled to

considerable weight, the significance of that choice has diminished since the enactment of §

1404(a).  Additionally, plaintiff's's choice of forum has reduced value where the forum lacks any

significant contact with the underlying cause of action.").

## III.    CONCLUSION

For the foregoing reasons, Mitchell's motion for return of property forfeited in a final

Order of Forfeiture in the criminal proceeding in the United States District Court for the Eastern

District of Virginia should be denied and this action be dismissed with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/
William R. Cowden, D.C. Bar No. 426301
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0258 (with voice-mail)
(202) 514-8707 (telefax)
William.Cowden@USDoJ.Gov (e-mail)
Counsel for United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
FILED
IN OPEN COURT

APR 17 2002

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 02-25-A |
| | ) | |
| JAMAL MITCHELL | ) | |

### ORDER OF FORFEITURE

WHEREAS, on April 17, 2002, the defendant, JAMAL MITCHELL, was convicted of Count 1 of the indictment which charged him with conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, all within 1,000 feet of a public secondary school, in violation of 21 U.S.C. § 846.

AND WHEREAS, the government alleged in the indictment and a supplemental Bill of Particulars that the below-listed property was subject to forfeiture if the defendant was convicted of Count 1 of the indictment;

AND WHEREAS, the defense waived a jury trial on all issues relating to forfeiture;

AND WHEREAS, the Court finds that the government has proven beyond a reasonable doubt that the below-listed property is property constituting or derived from the proceeds the defendant obtained, directly or indirectly, as the result of the violation charged in Count 1;

Attachment 1

Mitchell v. USA
1:07mc-00434 (RWR)

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The following property is forfeited to the United States of America pursuant to Title 21, United States Code, Section 853:

a.  $732,680 in United States currency seized from safe deposit box 860 at the SunTrust Bank, Washington, D.C., on October 29, 2001.

b.  $502,100 in United States currency seized from safe deposit box 6314 at the Bank of America, Washington, D.C., on October 30, 2001.

c.  $31,000 in United States currency seized from Jamal Mitchell in Washington, D.C., on March 31, 2001.

d.  $5,962 in United States currency, miscellaneous jewelry, and miscellaneous computer and electronic equipment seized from 436 Clayton Lane, Alexandria, Virginia, on October 25, 2001.

e.  $2,000 in United States currency, miscellaneous jewelry, and miscellaneous computer, electronic and camera equipment seized from 5501 Ellerbie Street, Lanham, Maryland, on October 25, 2001.

f.  A 2001 Toyota Lexus, VIN: JTJHT00W413501601, seized on February 15, 2002.

g.  A 2000 Ford Taurus, VIN: 1FAFP56S0YG216614, seized on October 25, 2001.

h. A 2000 Mercedes Benz CALK-320, VIN: WDBLK65G7YT053724, seized on October 25, 2001.

i. A 1999 Land Rover, VIN: SALPA1243XA406790, seized on October 25, 2001.

j. A 1991 Honda Accord, VIN: JHMCB7686MC051583, seized on October 25, 2001.

k. A 1998 Toyota Camry, VIN: 4T1BG22KXWU858541, seized on October 30, 2001.

l. The real property and premises known as 436 Clayton Lane, Alexandria, Virginia, and all furniture, fixtures and property located therein.

m. The real property and premises known as 5501 Ellerbie Street, Lanham, Maryland, and all furniture, fixtures and property located therein.

n. The real property and premises known as Condominio Plaza Ortega, Apartment 402-C, 4th Floor, Block C, Dominican Republic, and all furniture, fixtures and property located therein.

2. The Attorney General is authorized to seize the property.

3. The United States shall publish notice of this order and of its intent to dispose of the property one time in such manner as the Attorney General may direct. The United States shall also, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property.

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court pursuant to 21 U.S.C. § 853(n) for a hearing to adjudicate the validity of his alleged interest in the property.

5. Following the Court's disposition of all petitions filed, or if no such petitions filed within the time prescribed by law, upon proof of publication and proof of notice to any persons known to have alleged an interest in the property, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

_____
UNITED STATES DISTRICT JUDGE

Dated: 4/17/0✓
Alexandria, Virginia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JAMAL MITCHELL** | ) | |
| **Reg. #45228-083** | ) | |
| **Federal Correctional Institution** | ) | **Misc. Case No. 1:07-mc-00434 (RWR)** |
| **P. O. Box 4000** | ) | |
| **Manchester, Kentucky 40962,** | ) | |
|       **Petitioner,** | ) | |
|     **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|       **Respondent.** | ) | |
| _____ | ) | |

**<u>ORDER</u>**

This matter came before the Court on a motion by the United States, on behalf of

respondent United States of America in response to petitioner's *pro se* motion for return of

seized property.  The United States asked the Court to dismiss this matter or, in the alternative to

transfer it to the United States District Court for the Eastern District of Virginia.  In consideration

of the United States' motion, its incorporated memorandum of supporting law, points, and

authorities, petitioner's *pro se* motion, and the entire record herein, it is by the Court this _____

day of _____ 2008

ORDERED, that the motion of the United States of America be, and the same hereby is,

GRANTED; and it is further ORDERED, that this matter be, and the same hereby is,

DISMISSED.

SO ORDERED.

_____
      RICHARD W. ROBERTS
      United States District Judge

cc:    Mr. Jamal Mitchell
        Reg. #45228-083
        Federal Correctional Institution
        P.O. Box 4000
        Manchester, KY 40962
        *Pro Se*

        William R. Cowden
        Assistant United States Attorney
        555 4th Street N.W.
        Washington, DC 20530
        (202) 307-0258 (with voice-mail)
        (202) 514-8707 (telefax)
        William.Cowden@USDoJ.Gov
        Counsel for United States