UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMAL MITCHELL,                )
                               )
       Petitioner,             )
                               )
v.                             )   Case No.1:07-mc-00434(RWR)
                               )
UNITED STATES OF AMERICA,      )
                               )
       Respondent.             )

PETITIONER'S REPLY TO RESPONDENT'S MOTION TO DISMISS OR IN
THE ALTERNATIVE TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA

   Petitioner Jamal Mitchell, by pro se, and pursuant to Rule 12(A) of the Federal Rules of Civil Procedure, files his response to Respondent's Motion to Dismiss or the Alternative Transfer to the Eastern District of Virginia. As a initial matter, res judicata nor collateral estoppel should not preclude Petitioner from seeking the return of his unforfeited property. Civil doctrines of res judicata and collateral estoppel have no real application to a criminal case. Furthermore, this court has jurisdiction to decide the motion for return of seized property.

## BACKGROUND OF CASE

   Petitioner was indicted in the Eastern District of Virginia for conspiracy to distribute drugs and conspiracy to launder drug proceeds. The indictment included allegations of forfeiture pursuant to 21 U.S.C § 853. Following a jury trial in which the Petitioner was found guilty, the district court entered a preliminary order of forfeiture. At sentencing, the district court failed to impose forfeiture as part of the sentence, inconsistant with the statute requirements of Federal Rule of Criminal Procedure 32.2(b)(3), 21 U.S.C § 853(a) and 18 U.S.C § 3554.

Subsequently, Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. Regarding the forfeiture issue, Petitioner argued that the preliminary order of forfeiture should be vacated because it was never incorporated into the judgment of conviction. See <u>United States V. Mitchell</u>, 70 Fed.Appx.707 (4th Cir. 2003). The Fourth Circuit would eventually deny the request to have the preliminary order of forfeiture vacated.

In January of 2004, Defendant petitioned the District Court for the Eastern District of Virginia for the return of real property known as Plaza Ortega Dominican Republic. He claimed that the property was seized without a warrant in violation of the Fourth Amendment. In it's response, the government did not challange defendant's claim. Instead, it argued that the motion was untimely and the defendant should have raised the Fourth Amendment issue at trial. (<u>See</u> Attachment 1.) The District Court denied the motion without deciding the merits of the case. (<u>See</u> Attachment 2.) The Fourth Circuit would affirm the District Court's order. (<u>See</u> Attachment 3.)

Petitioner filed a civil complaint in this court requesting the return of his unforfeited property in addition to raising a Fourth Amendment claim. On January 16,2007, the district court granted the government's motion to dismiss. The court concluded that the doctrines of res judicata and collateral estoppel dictated the case.

In this matter, Petitioner seeks to have his unforfeited property returned. Since forfeiture was never made part of the sentence as mandated by Congress, interest in the property was never conveyed to the government. In addition, Petitioner looks to have his Fourth Amendment claim addressed.

I.  **ARGUMENT**

   A.  <u>Res Judicata And Collateral Estoppel Should Not Apply</u>

The government contends that this matter should be dismissed pursuant to the doctrines of res judicata and collateral estoppel. Despite the arguments to the contrary, the preliminary order issued by the District Court for the Eastern District of Virginia on April 17, 2002 was not a final order. <u>See</u> <u>United States v. Christunas</u>, 126 F.3d 765 (6th Cir. 1997) (holding order of forfeiture entered at sentencing is a final order). <u>Also see</u> <u>United States V. Faulk</u>, 340 F.Supp.2d 1312 (M.D.Ala. 2004) (noting pursuant to Fed.R.Crim.P. 32.2(b)(3), the preliminary order of forfeiture becomes final when it is made part of the sentence).

In order for res judicata to apply, a defendant must show: (1) the identity of parties in both suits, (2) a judgment rendered by a court of competent jurisdiction (3) a final judgment on the merits and (4) an identity of the cause in both suits. <u>Drake V. Fed.Aviation Admin.</u>, 291 F.3d 59 (D.C Cir. 2002). Here, Petitioner claims are not barred by res judicata because there was never a lawsuit filed in the Eastern District of Virginia. <u>See</u> <u>Montana V. United States</u>, 440 U.S 147 (1979) (holding collateral estoppel does not apply when the essential facts of the earlier case case differ from the instant one). Petitioner appealed his criminal case pursuant to 18 U.S.C § 3742. The court of appeals had jurisdiction over the appeal pursuant to 28 U.S.C § 1291. However, since forfeiture was not made part of the judgment the court of appeals lacked jurisdiction to decide the forfeiture issue. <u>See</u> <u>Coopers & Lybrand V. Livesay</u>, 437 U.S 463 (1978) (a prejudgment order of a federal District Court is not appealable under 28 U.S.C § 1291). A decision ordinarily is not final unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.

<u>Cunningham V. Hamilton County</u>, 527 U.S 198 (1998). Under the controlling jurisdiction statute 28 U.S.C § 1291, the Federal Courts of Appeals have power to review only final decisions. <u>United States V. MacDonald</u>, 435 U.S 850 (1978). Thus, since the Fourth Circuit Court of Appeals was without jurisdiction to render a decision in regard to the forfeiture issue, the elements of res judicata have not been met.

Collateral estoppel bars the relitigation of issues previously tried and decided in a court of competent jurisdiction involving the same or in some circumstances diffrent parties. See <u>Ashe V. Swenson</u>, 397 U.S 436 (1970) <u>also see</u> <u>United States V. Mendoza</u>, 464 U.S 154 (1984). In order for collateral estoppel to apply, a defendant must show: (1) the actual litigation of the issue contested by the parties (2) the determination of the issue by a court of competent jurisdiction and (3) the lack of unfairness in precluding the issue from the subsequent trial. <u>Otherson V. Dep't of Justice, I.N.S.</u>, 711 F.2d 267 (D.C Cir. 1983). This defense by the government must fail also. To reinterate, the Fourth Circuit court of appeal lacked jurisdiction over the previous issue. See <u>Yamaha Corp. of Amer. V. United States</u>, 961 F.2d 245 (D.C.Cir. 1992). <u>also see</u> <u>United States V. International Bldg. Co</u>, 345 U.S 502 (1953) (collateral estoppel applies when judgment is rendered by a court of competent jurisdiction). Moreover, Petitioner's direct appeal from his conviction was a criminal matter and the recent action is civil in nature. <u>Emich Motors Corp. V. General Motors Corp.</u>, 340 U.S 558 (1951). Additionally, the decision rendered by the district judge in this court should not be given res judicata or collateral estoppel effect because there was never a ruling on the merits of the previous complaint. See <u>Cheese Ass'n. Inc. V. E.Hornes Market, Inc.</u>, 385 U.S 23 (1966)

As an alternative argument, the government asserts that this court does not have jurisdiction over the property that was seized in the District of Columbia. Rule 41(g) of the Federal Rule and Criminal Procedure provides that a person aggrieved by...the deprivation of property may move the district court for the district in which the property was seized on the grounds that such person is entitled to lawful possession of the property. United States V. Garcia, 65 F.3d 17 (4th Cir. 1995) (rule governing motion for return of property is to be brought in district in which property had been seized); Bertin V. United States, 478 F.3d 489,492 (2d Cir. 2007) (Rule 41(g) is the proper vehicle for seeking the return of property seized but neither forfeited nor returned at the conclusion of a criminal case); United States V. Wright, 610 F.2d 930 (D.C Cir. 1979) (Federal District Court have jurisdiction to order return of property). Rule 41(g) is a codification of the equitable jurisdiction doctrine. Because the property in this case was seized in the District of Colombia, Rule 41(g) gives this court jurisdiction.

### B. A Waiver of Sovereign Immunity Is Not Required

Under the doctrine of sovereign immunity the United States government is immune from lawsuits. Honda V. Clark, 386 U.S 484 (1967). Sovereign immunity acts as a juridictional bar disallowing courts from adjudicating claims against the government. United States V. Mitchell, 463 U.S 206 (1983). Petitioner in this case, does not seek damages from the government. Rather, he moves this court for the return of his property. Bowen V. Massachusetts, 487 U.S 879 (1998) (claims for equitable relief do not impinge upon sovereign immunity). The courts have interpreted motions for return of seized property as proceedings in equity. See Rufu V. United States, 20 F.3d (2d Cir. 1994) (motion for return of property

should be treated as a complaint for equitable relief); <u>Onwubikov V. United States</u>, 969 F.2d 1392 (2nd Cir. 1992) (41(g) motions are governed by equitable principles); <u>Lavin V. United States</u>, 299 F.3d 123 (2nd Cir. 2002) (a district court should contrue a motion requesting return of property seized as a action in equity). Hence, respondent's reliance on the sovereign immunity defense is misplaced.

Indeed, the District Court for the Eastern District of Virginia failed completly to comply with the unambigous requirements of 21 U.S.C § 853, Federal Rules of Criminal Procedure 32.2(b)(3) and 18 U.S.C § 3554. Criminal forfeiture is a form of punishment designed to divest the criminal defendant of the profits of illegal activity for which he has been convicted. As such, it is part of the sentence rather than the offense. <u>See</u> <u>Libretti V. United States</u>, 516 U.S 29 (1995) (emphasizing that criminal forfeiture is part of a sentence). Federal Rule of Criminal Procedure 32.2(b) provides the court may enter a preliminary order of forfeiture after providing notice to the defendant and a reasonable opportunity to be heard on the timing and form of the order. Significantly, the preliminary order is not a judgment or a final order. <u>See</u> <u>United States V. Coon</u>, 187 F.3d 888 (8th Cir. 1999). The judgment becomes final when it is made part of the sentence. <u>United States V. Fruchter</u>, 411 F.3d 377 (2nd Cir. 2005) (discussing sentencing aspect of criminal forfeiture).

Similarly, in enacting the Sentencing Reform Act of 1984, 18 U.S.C § 3551 et seq., Congress replicated this requirement that forfeiture occurs when the district court includes an order of forfeiture as part of the sentence in its judgment-in 18 U.S.C § 3554. Section 3554 is the provision of the sentencing Reform Act that requires the district court, when imposing sentence on a defendant convicted under 21 U.S.C § 846, to

order forfeiture in accordance with 21 U.S.C § 853. Booker expressly states that 18 U.S.C § 3554 is still valid. See United States V. Booker, 543 U.S at 258 (Most of the statute is perfectly valid(citing specifically § 3554 forfeiture)).

Furthermore, in 21 U.S.C § 853(a) Congress provided that the court in imposing sentence "shall" order forfeiture as part of the sentence. See Drysdale V. United States, 491 U.S 617 (1989) (applying § 853(a)). also see United States V. Monsanto, 491 U.S 600 (1989) (concluding that Congress in stating that a sentencing court "shall order" in the language of § 853(a) could not have chosen stronger words). Thus, the statutes defines the means to carry out criminal forfeiture. The preliminary order of forfeiture entered in this case on April 17, 2002 was not made part of Mr. Mitchell's sentence and therefore could have done nothing more than temporarily restrain the property pending sentencing. The issuance of a preliminary order of forfeiture under Rule 32.2(b)(2) does not relieve the district court of the obligation to include an order of forfeiture in its judgment. United States V. Pease, 331 F.3d 813,814 (2003). also see United States V. Bennett, 423 F.3d 271 (3rd Cir. 2005) (holding a final order of forfeiture that is not part of a judgment of sentence has not effect).

### C. Real Property Was Seized in Violation of the Fourth Amendment

A seizure of property by the government must comply with the Fourth Amendment where the property is seized not to preserve evidence of wrongdoing but to assert ownership and control over the property. United States V. James Daniel Good, 510 U.S 43 (1993). The Fourth Amendment put the courts of the United States and federal officials in the exercise of their power and authority under limitations and restraints to secure the people, their persons, houses, papers and effects against

all unreasonable searches and seizures. <u>Mapp V. Ohio</u>, 367 U.S 643 (1961).

In this case, it is clear that the government seizure of Mr.Mitchell's real property involved a denial of a constitutional right. On February 15, 2002, agents of the Federal Bureau of Investigation in company with officials from the National Drug Control Office in Santo Domingo, Dominican Republic executed a search warrant on Real Property known as Condominio Plaza Ortega, Dominican Republic. (<u>See</u> Attachment 4.) The purpose of the search was to uncover evidence that could be used in Mr.Mitchell's trial in the Eastern District of Virginia. At the conclusion of the search, agents changed the locks on the property and denied the caretaker of the propery access to the residence. The government possession of the property amounted to a physical intrusion. <u>See United States V. Jacobsen</u>, 466 U.S 109 (1984) (a seizue of property occurs when there is some meaningful interference with an individual interest in that property). Furthermore, the search and seizure was conducted without a warrant issued from a Judge in this country. <u>See United States V. Verdugo-Urquidez</u>, 494 U.S 259 (1990) (applying Fourth Amendment protection to U.S citizen property located in foreign land).

The government was not authorize to seize the property until the preliminary order of forfeiture was entered on April 17,2002. <u>See United States V. BCCI Holdings.Luxembourg,S.A.</u>, 9 F.Supp.2d 43-44 (D.C.C 1999) (the purpose of the preliminary order of forfeiture is to identify the property of the defendants that would be forfeited). Section § 853 specifies that a court shall order forfeiture of certain property at sentencing, 21 U.S.C § 853(a), and that when a forfeiture order is entered, "the court shall authorize the attorney general to seize the forfeited property." The rule, however, do not authorize pretrial restraint of assets subject to forfeiture. Fed.R.Crim.P. 32.2(b)(2)-(3).

Simply put, if the government wanted to secure the property before Mr. Mitchell's conviction, it should have requested a seizure warrant pursuant to 21 U.S.C § 853(f).

## CONCLUSION

For the foregoing reason, Petitioner request that this court grant his motion and order the government to return all property listed in the motion and/or the proceeds from the sale of any of the property with interest.

Respectfully submitted,

/s/ Jamal Mitchell
Jamal Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that a true a correct copy of the forefoing Petitioner's Reply to Respondent's Motion to Dismiss, Or In The Alternative Transfer To The Eastern District Of Virginia was served to William R.Cowden, Assistant United States Attorney, 555 4th Street, N.W, Washington,D.C 20530 on this 27th day of February,2008

*Jamal Mitchell*
Jamal Mitchell

IN UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JAMAL MITCHELL,<br>    also known as "Boo,"<br>    Defendant. | )<br>)<br>)  CRIMINAL CASE 02-25-A<br>)<br>)  SENIOR JUDGE JAMES C. CACHERIS<br>)<br>)<br>) |

## OPPOSITION TO MOTION FOR RETURN OF REAL PROPERTY

COMES NOW the United States of America, by and through its attorneys, Paul J. McNulty, United States Attorney for the Eastern District of Virginia, Special Assistant U.S. Attorney Jonathan L. Fahey, and Assistant U.S. Attorney Gene Rossi, and hereby opposes the defendant's MOTION FOR THE RETURN OF REAL PROPERTY, which was served on February 3, 2004.

Simply put, the motion is untimely and should be denied. The defendant should have raised the fourth amendment issue before his jury trial. The government will file a more detailed opposition to this motion, if the Court wishes.

                                      Respectfully submitted,

                                      Paul J. McNulty<br>
                                      United States Attorney

By: _/s/ Gene Rossi_____<br>
           Jonathan L. Fahey<br>
              Special Assistant U.S. Attorney<br>
           Gene Rossi<br>
              Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

F I L E D
MAY - 5 2004
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 02-25-A |
| | ) |
| JAMAL MITCHELL | ) |
| | ) |
| Defendant | ) |

ORDER

In accordance with the memorandum opinion filed this day, it is accordingly ordered:

(1) that the motion of the defendant for the return of real property is hereby DENIED. The Defendant shall have sixty days from the date of entry of this order to file his notice of appeal with the clerk of the court if he wishes to do so.

(2) that the Clerk shall forward copies of this Order to all counsel of record and to the defendant pro se.

_____
United States District Judge

Alexandria, Virginia
May 5, 2004

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-6895

---

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

versus

JAMAL MITCHELL, a/k/a Boo,

                 Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CR-02-25)

---

Submitted: October 18, 2004     Decided: November 12, 2004

---

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jamal Mitchell, Appellant Pro Se. Thomas More Hollenhorst, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

      Jamal Mitchell appeals the district court's order denying his motion for return of real property. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. See <u>United States v. Mitchell</u>, No. CR-02-25 (E.D. Va. filed May 5, 2004 & entered May 6, 2004). We deny Mitchell's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>





Depto. de Drogas y Estupefacientes
de la Procuraduría Fiscal del D. N.
Santo Domingo, Rep. Dom.

Dirección Nacional de Control de Drogas (D.N.C.D.)

# REPÚBLICA DOMINICANA
## PROCURADURÍA FISCAL DEL DISTRITO NACIONAL
### ACTA DE ALLANAMIENTO

Ref: Caso No. _____

En Santo Domingo, Distrito Nacional, Capital de la República Dominicana, a los **15 días** del Mes de **febrero** del **2002** A las **11:30 AM** horas.

Yo **Lic. Nicolás de Js. Bonilla R.** Abogado ayudante del Procurador Fiscal del Distrito Nacional, actuando en su nombre y representación, en cumplimiento de lo dispuesto en los artículos 32 y 36 del Código de Procedimiento Criminal, auxiliado por **8** agentes de la Dirección Nacional de Control de Drogas,

Comandados por **1er Tte Bladimir Porte Encarnación**

procedí a dirigir la realización de la diligencia de allanamiento en **c/ Selene #20 Ed. Plaza Ortega Apt. 402-C**

Allí fuimos atendidos por **Carmen Lara**

Cédula No. **001-0150685-5**

Encontrándose además en el mismo las siguientes personas: **Pascale Florvidor**

Dicho bien presenta las siguientes características: **Apto. dedicado a vivienda familiar, actualmente inhabitada, lujosamente amueblado.**

Informadas las personas del objeto de la diligencia, se procedió a realizar un registro minucioso del bien, obteniendo como resultado lo siguiente: **En la mesita de noche de la habitación principal se encontró un juego de llave y un sobre conteniendo la matrícula de vehículo de motor No. 2042436, correspondiente al vehículo Marca Lexus, color Blanco, Chasis No. JTJHT00W413 501601; placa No. GB-F789. En la sala se encontró un portafolio conteniendo en su**

Exhibit F

interior una computadora portátil marca Sony con sus accesorios así como una cajita con cinco (5) minidiscos. Así como varios documentos conteniendo notas y números telefónicos.

En virtud de lo anterior, se procedió a la ocupación de se procedió a la ocupación de los objetos y documentos descrito precedentemente así como del vehículo el que estaba estacionado en el parqueo correspondiente al apartamento.

*[Sello: Depto. de Drogas y Estupefacientes de la Procuraduría Fiscal del D.N. Santo Domingo, Rep. Dom. — Dirección Nacional de Control de Drogas (D.N.C.D.)]*

Efectuado el pesaje de la sustancia, arrojo un total de _____

Interrogados los presentes sobre la naturaleza, procedencia y pertenencia de lo ocupado, manifestaron _____

En virtud de lo anterior, se procedió a la aprehensión de _____

Terminada la diligencia, se firma por los que en ella intervinieron, siendo las __1:00 PM__

Personas que se encontraban en el lugar_____

_Carmen Raioff_
_____

Personas aprehendidas: _____

_Vladimir Portes_
Oficial Actuante

_[signature]_
El Ayudante Fiscal

Depto. de Drogas y Estupefacientes
de la Procuraduría Fiscal del D. N.
Santo Domingo, Rep. Dom.

Depto. de Drogas y Estupefacientes
de la Procuraduría Fiscal del D. N.
Santo Domingo, Rep. Dom.

Dirección Nacional de Control de Drogas (D.N.C.D.)

TRANSLATION FROM SPANISH

Dominican Republic
Office of the Prosecuting Attorney
of the National District
Search Warrant

Ref. Case No.: [blank]

In Santo Domingo, National District, Capital of the Dominincan Republic, at 11:30 AM on February 15, 2002, I, Nicolas de Js. Bonilla R., an attorney and assistant to the Prosecuting Attorney of the National District, acting in his name and as his representative, and in accordance with the provisions of Articles 32 and 36 of the Code of Criminal Procedure, and the assistance of eight officers from the National Drug Control Office under the comand of First Lieutenant Bladimir Porte Encarnacion, proceeded to direct a search at "c/Selene #20 Ed. Plaza Ortega Apt. 402-C."

We were met there by: Carmen Lara (ID no. 001-0150685-S).

The following persons were also at that location: Pascale Florridor.

This property had the following characteristics: an apartment for use as a family dwelling which was luxuriously furnished and uninhabited at the present time.

The [aforementioned] persons were informed of the reasons for these proceedings, and a careful search was made of this property, which yielded the following results: on the little night table in the main bedroom there were a set of keys and an envelope which contained the registration for motor vehicle no. 2042436, which was a white Lexus with chassis no. JTJHT00 W413501601 and license plate number GB-F789. In the living room we found a briefcase with a Sony laptop computer and assesories inside, as well as little box with five (5) mini-discs. There were also various documents with notes and telephone numbers.

In view of the above, we proceeded to seize: we proceeded to seize the objects and documents described previously, as well as the vehicle, which was parked in the apartment's parking lot.

The substance was weighed and came to a total of: [blank]

Those present were questioned as to the nature, origins and ownership of the items seized, and stated: [blank]

1

In view of the preceding, we proceeded to arrest: [blank]

These proceedings were completed and signed by those who participated, at 1:00PM.

The persons who were at that location:

[signed] Carmen Racaff [ph.]
[illegible signature]

Persons arrested: [blank]

[signed] Vladimir Portes [sic]
Acting Officer

[illegible signature]
Assistant to the Prosecutor

[stamps of the Drug Department of the Office of the Prosecuting Attorney of the National District, Santo Domingo, Dominican Republic]

2